# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TROY BURT and SCOTTY HYATT,** | * | **CIVIL ACTION NO.** |
| in their own right and in their capacity | * | |
| and as the legal and personal | * | **JUDGE:** |
| representatives of their deceased brother, | * | |
| **DANA LEE BURT** | * | **MAGISTRATE:** |
| | * | |
| **VERSUS** | * | |
| | * | |
| | * | |
| **ROTORCRAFT LEASING** | * | |
| **COMPANY, LLC** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## COMPLAINT FOR DAMAGES

**NOW INTO COURT,** through undersigned counsel, come Plaintiffs, **TROY BURT** and **SCOTTY HYATT**, in their own right and in their capacity as the legal and personal representatives of their deceased brother, **DANA LEE BURT** ("Mr. Burt"), and with respect files the following Complaint for Damages and appropriate ancillary relief:

I.

This Honorable Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331; the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. §§ 1331-1356; and or 28 U.S.C. §§ 1333, 1367. Venue is proper in accordance with 28 U.S.C. § 1391 (b)(2).

II.

Plaintiff, **TROY BURT**, is a person of the full age of majority, domiciled in the city of Melbourne, County of Brevard, State of Florida, and the brother of Decedent, **DANA LEE BURT**.

III.

Plaintiff, **SCOTTY HYATT**, is a person of the full age of majority, domiciled in the city of Abbeville, Parish of Vermilion, State of Louisiana, and the half-brother of Decedent, **DANA LEE BURT**.

IV.

Decedent, **DANA LEE BURT**, was a person of the full age of majority, domiciled in the city of Kaplan, Parish of Vermilion, State of Louisiana.

V.

The Defendants named herein are:

1) **ROTORCRAFT LEASING COMPANY, LLC**, a foreign limited liability company, authorized to do and doing business within the jurisdiction of this Honorable Court, with its principal place of business located in Wilmington, Delaware at the following address: 2711 Centerville Road, Ste. 400, Wilmington, Delaware 19808;

VI.

**ROTORCRAFT LEASING COMPANY, LLC**, engage(s) in the for-profit business of providing transportation services to offshore production platforms and drilling rigs throughout the Gulf of Mexico.

VII.

**ROTORCRAFT LEASING COMPANY, LLC** (hereinafter known as "Rotorcraft" or "Defendant") is truly and justly indebted to Plaintiffs herein for any and all damages sustained as a result of a series of events that occurred both along and within the territorial waters of the United States of America, State of Louisiana, on January 14, 2022, which ultimately led to the tragic and untimely death of **DANA LEE BURT** on or around January 14, 2022.

VIII.

On January 14, 2022, **DANA BURT** was a passenger in a Bell 207 helicopter, registration no. N167RL, which was owned, operated, maintained, inspected, and/or repaired by Defendant, and being piloted by its employee Dylan Horn.

VIX.

On January 14, 2022, the helicopter was transporting **DANA LEE BURT** from EnVen Energy Platform MC194A in the Gulf of Mexico at Mississippi Canyon Block 194, on the outer continental shelf to 4418 Helicopter Road, Patterson, Louisiana when it crashed in a marsh in Lafourche Parish at location 29.49175 N and 90.427856 W, causing the death of **DANA LEE BURT** and the pilot.

X.

At all times pertinent hereto, Dylan Horn was employed by Defendant and was acting in the course and scope of his employment at the time of the crash.

XI.

Defendant and its employee, at all times prior to and during the flight, had exclusive control and management of the helicopter which **DANA LEE BURT** was riding as a passenger.

XII.

The crash resulting in **DANA LEE BURT**'s injury and death was such that in the ordinary course of events it would not have occurred had the Defendant exercised proper care.

XIII.

As a direct result of the helicopter crash, upon information and belief, Decedent, **DANA LEE BURT,** survived and suffered before his untimely death.

XIV.

The untimely death of Decedent, **DANA LEE BURT**, was caused by the fault, negligence, carelessness, and omission of duty on the part of Defendant, **ROTORCRAFT LEASING COMPANY, LLC**; without any fault, negligence, carelessness, and omission of duty on the part of Decedent causing, and/or contributing thereto.

XVI.

Upon information and belief, Plaintiffs are the only surviving heirs of Decedent, **DANA LEE BURT.**

XVII.

The unfortunate events that transpired on January 14, 2022 resulting in the untimely death of **DANA LEE BURT** was caused solely and exclusively by the negligence and fault of Defendants in the following non-exclusive particulars:

a. Failing to use reasonable care;

b. Negligent operation of the helicopter;

c. Failing to operate the helicopter in a safe manner;

d. Failing to provide proper and adequate equipment to crewmembers to properly perform their duties and/or properly navigate the helicopter;

e. Failing to maintain the helicopter and its appurtenances and/or equipment in a safe and reasonable state of repair;

f. Failing to take reasonable precautions for the safety of its crew, including, but not limited to, the Decedent;

g. Failing to properly train its employees;

h. Inadequate supervision of the pilot;

i. Failing to perform adequate safety meetings and analyses to identify and minimize

    the risk to Decedent and other crew members;

j. Failing to assess the conditions prior to the helicopter's departure from the platform and/or prior to the crash;

k. Failing to have an emergency rescue plan and/or adequate rescue appurtenances;

l. Failing to adopt practices, policies, and procedures designed specifically to prevent the injuries and damages sustained by Decedent and/or Plaintiff; and

m. Other negligent acts and/or omissions to be shown at the trial of this action.

## XVII.

Neither Plaintiffs, **TROY BURT** nor **SCOTTY HYATT**, nor Decedent, **DANA LEE BURT**, were negligent and did not contribute to the incident complained of herein.

## XIX.

Plaintiff further affirmatively pleads the doctrine of *res ipsa loquitur* in that the incident and injuries and damages would not have occurred in the absence of the negligence of the Defendant.

## XX.

As a result of the incident described herein, Plaintiffs, **TROY BURT** and **SCOTTY HYATT**, in their own right and in their capacity as the legal and personal representative of their deceased brother, **DANA LEE BURT**, are entitled to recover the following non-exclusive damages:

  a. Past and future physical pain and suffering;

  b. Past and future mental and emotional pain and suffering;

  c. Fear of impending doom;

  d. Loss of enjoyment of life;

e. Funeral and burial expenses; and

f. Other elements of damages to be shown at the trial of this matter.

XXI.

Plaintiffs are entitled to and request a trial by jury.

**WHEREFORE,** Plaintiffs, **TROY BURT** and **SCOTTY HYATT**, in their own right and in their capacity as the legal and personal representative of their deceased brother, **DANA LEE BURT**, prays that Defendant, **ROTORCRAFT LEASING COMPANY, LLC** be served with a certified copy of this Complaint for Damages and be duly cited to appear and answer same; that after all due proceedings are had, that there be judgment rendered in favor of Plaintiffs, and against Defendant for all damages that are reasonable in the premises together with legal interest and for all costs of these proceedings; and

Finally, Plaintiff prays for all general and equitable relief to which they may otherwise be entitled.

Dated: January 14, 2023

Respectfully Submitted,

*/s/ Hugh P. Lambert*
Hugh P. Lambert (La. Bar #7933)
Jeremy Z. Soso (La. Bar #31974)
Brian J. Mersman (La. Bar #38624)
LAMBERT, ZAINEY, SMITH, & SOSO, APLC
701 Magazine Street
New Orleans, Louisiana 70130
Telephone: (504) 581-1750
Facsimile: (504) 529-2931
hlambert@lambertzainey.com
jsoso@lambertzainey.com
bmersman@lambertzainey.com

*Attorneys for Plaintiffs, Troy Burt and Scotty Hyatt*